IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AR MOTORSPORTS, INC., et al.,

   Plaintiffs,

     v.

THE CITY OF LAWRENCEVILLE,
GEORGIA, A GEORGIA
MUNICIPAL CORPORATION, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-847-TWT

ORDER

This is an action for injunctive relief and damages arising out of the denial of a special use permit by the City of Lawrenceville. It is before the Court on the Plaintiffs' Motion to Remand and for Attorney's Fees [Doc. 4]. For the reasons set forth below, the Plaintiffs' motion is GRANTED in part and DENIED in part.

I. BACKGROUND

Plaintiffs AR Motorsports and its owner, Arash Hoshmandy, operate an auto sales business on property located on Lawrenceville Highway in Lawrenceville, Georgia. In 2006, the Plaintiffs sought to improve the auto sales and service facilities on this property and submitted to Defendant City of Lawrenceville a commercial building permit application. The City declined to act upon this application, instead

requiring the Plaintiffs to apply for a special use permit ("SUP"). The City's Planning Commission recommended approval of the SUP. Some area residents opposed not only the SUP, but the Plaintiffs' right to continue business operations on the property. The Plaintiffs allege that the City then attempted to amend its zoning ordinance in order to deny their building permit and SUP application. On February 5, 2007, the Plaintiffs' SUP application was considered at a City Council meeting and ultimately denied.

On March 7, 2007, the Plaintiffs filed this action in the Superior Court of Gwinnett County, Georgia. They alleged that the City's zoning ordinance violated their rights and asserted claims under federal and state law for declaratory judgment, mandamus, and injunctive relief. The lawsuit also included as Defendants two City administrative officials, Brad Leonard and Bob Rennier. The individual Defendants were served on March 9, 2007, and the City was served three days later. The Defendants' counsel subsequently requested an extension of time to answer the Plaintiffs' Complaint. The Plaintiffs' counsel granted this request and entered a "Stipulation for Extension of Time for Defendants to Answer Plaintiffs' Complaint And/Or Other Responsive Pleadings" allowing them through April 16, 2007, to respond. On April 16, 2007, the Defendants filed a notice removing the case to this Court. The Plaintiffs have now moved for remand, arguing that removal was

improper in this instance because the removal occurred outside the 30 day statutory period.

## II. DISCUSSION

A. Removal

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). The Eleventh Circuit has held that the removal statute is to be interpreted narrowly, with any doubts construed against removal jurisdiction. See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party, moreover, bears the burden of demonstrating federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

Here, the Defendants did not attempt to remove this action until April 16, 2007, 35 days after the City was served and 38 days after the individual Defendants were served. They argue, however, that because the Plaintiffs' counsel granted an extension allowing them until April 16, 2007, to file their answer, the Plaintiffs waived any objection to the timeliness of removal. See Premier Holidays

International, Inc. v. Actrade Capital, Inc., 105 F. Supp. 2d 1336, 1339 (N.D. Ga. 2000) ("[A]bsent waiver of the timeliness objection, the district court, in most cases, should remand an action that is removed improperly."). As support for this contention, they cite general Eleventh Circuit precedent holding that the thirty day statutory period "is modal or formal and may be waived." Loftin v. Rush, 767 F.2d 800, 805 (11th Cir. 1985), and recognizing "that a plaintiff may acquiesce to federal jurisdiction, and forgive any of the defendant's procedural errors in removing the case." Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001). There is no Eleventh Circuit case precisely on point. Other courts have explicitly held, however, that a stipulation in state court cannot extend the time for removal provided under 28 U.S.C. § 1446(b). See Shukov v. Isostent, LLC, 2003 WL 1888863, at *1 (N.D. Cal. April 14, 2003) ("Contrary to defendants' argument, plaintiff's agreement to extend by 10 days the deadline for filing 'responsive pleadings' does not constitute grounds for a finding of waiver or estoppel to assert untimely removal."); Rampy v. Southwestern Bell Telephone Co., 615 F. Supp. 996, 999 (D.C. Mo. 1985) ("It is clear that the time provided for removal in Section 1446(b) could not be extended by any stipulation filed in State court."); Ortiz v. General Motors Acceptance Corp., Inc., 583 F. Supp. 526, 531 (D.C. Ill. 1984) ("Merely filing the stipulation does not amount to affirmative conduct which

would render it 'offensive to fundamental principles of fairness to remand.' Plaintiff, therefore, has not waived her right to object to the defendants' failure to file the removal petition within the 30-day limitation period.") (citation omitted); see also 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3732, at 527-30 (3d ed. 1998) ("[T]he decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders...") (emphasis added).

The Defendants acknowledge this caselaw, but argue that the Eleventh Circuit's general statements about waiver suggest that the Plaintiffs have waived their right to object to removal. The Court cannot agree. The Plaintiffs filed a motion to remand – within the thirty days prescribed for such motions – on the grounds that the removal was untimely. Given the Eleventh Circuit's clear mandate that all doubts be resolved in favor of removal and the sound reasoning from other courts, the Court finds that this stipulation did not constitute a waiver of the thirty day statute of limitations provided under section 1446(b).

The Defendants next contend that "exceptional circumstances" warrant removal even in the face of this defect. (Defs.' Resp. to Mot. for Rem., at 7.) Specifically, they claim that removal outside the statutory period should be allowed because (1) this

Court has subject matter jurisdiction, (2) there is no evidence of forum shopping, and (3) the Plaintiffs have not been prejudiced by the defective removal. In support, the Defendants cite Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 563 (C.D. Cal. 1988). There, the district court found that removal was appropriate where two of the three defendants had timely filed a removal petition and the third failed to join because it was unaware that it had been served in the lawsuit. Upon discovering this, the third defendant promptly filed its removal notice one day after the thirty day statute had expired. The Court finds this case unpersuasive for several reasons. First of all, in this instance none of the Defendants filed their removal petitions on time, and in fact two filed as late as one week outside the deadline. Also unlike Hernandez, moreover, none of these Defendants can claim that they did not know about this lawsuit. They received both an Ante Litem Notice and personal service. (Pls.' Mot. for Rem., Ex. A, C-D.) Indeed, this Court finds the decision by another judge in this district to be far more applicable to the present facts. In Holder v. City of Atlanta, 925 F. Supp. 783 (N.D. Ga. 1996) (Hull, J.), the City of Atlanta, which was sued in state court along with several of its officials, filed a motion for remand, but failed to get all the defendants to join in the removal petition within the thirty days required. In the opinion, Judge Hull noted that while untimely notice did not require remand in every situation, "the district court, in most cases, should remand an action that is removed

improperly." Id. at 785 (citing Loftin, 767 F.2d at 805). She accordingly granted the plaintiff's motion for remand.

The Court notes, finally, that cases from other jurisdictions finding the requisite exceptional circumstances all demonstrate facts far more extraordinary than those presented here. See Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002) (finding exceptional circumstances existed where (1) consent to removal had been timely-filed by an attorney at the informal request of two members of a three-member defendant board, (2) the board had attempted to schedule a meeting prior to the expiration of the removal period but could not because of the board chairman's scheduling conflicts, and (3) the chairman was also a plaintiff in the case); Total Energy Corp. v. Stolt, 334 F. Supp. 2d 413, 414 (S.D.N.Y. 2004) (declining to remand where defendants attempted to file a timely removal notice, the court clerk rejected this notice for non-compliance with local rule requiring particular cover sheet, and defendants re-submitted promptly upon receiving it back from clerk and filed only six days beyond the thirty day removal period); Grover v. Comdial Corp., 275 F. Supp. 2d 750, 753 (W.D. Va. 2003) (accepting defendant's removal based on a good faith attempt to make a timely filing that was thwarted by the courthouse's closing for bad weather). For all these reasons, the Court finds that remand of this case is appropriate.

B. Attorney's Fees

The Plaintiffs also claim that they are entitled to attorney's fees pursuant to 28 U.S.C. § 1447(c) as a result of this improper removal. The Supreme Court recently held, however, that attorney's fees should be awarded under this provision only where the "removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005); accord Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006); see also Clark v. Ameritas Investment Corp., 408 F. Supp. 2d 819, 835 (D. Neb. 2005) (concluding that attorney fees and costs were not warranted because the defendant had removed the case based on an "objectively reasonable belief that it was entitled to seek a federal forum for resolution of this case"). The Court finds that the Defendants had an objectively reasonable basis for filing their removal petition and that no fees or costs are therefore warranted in this instance.

III. CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion to Remand and for Attorney's Fees [Doc. 4] is GRANTED in part and DENIED in part. This action is remanded to the Superior Court of Gwinnett County.

SO ORDERED, this 7 day of August, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge